# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# FORT MYERS DIVISION

**George Kusaj,**
Plaintiff,

v.

**Judge Lisa Porter, in her official capacity,**
**Judge John Burns, in his official capacity,**
**State of Florida (Twentieth Judicial Circuit Court),**
Defendants.

Case No: 22-811F, 22-564M, 22-991M

2:25-CV-865-KCD-NPM

---

## COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND EMERGENCY TEMPORARY RESTRAINING ORDER

*(42 U.S.C. § 1983; Title II of the ADA)*

---

### I. JURISDICTION AND VENUE

1. This action arises under the U.S. Constitution, 42 U.S.C. § 1983, and Title II of the Americans with Disabilities Act (ADA).

2. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this District because the events occurred within the Middle District of Florida, Fort Myers Division.

## II. PARTIES

4. Plaintiff, **George Kusaj**, resides at 121 Riverbend Drive, LaBelle, FL 33935. Plaintiff suffers from a traumatic brain injury (TBI) that substantially limits major life activities, including memory, concentration, and ability to process conflicting instructions.

5. Defendant, **Judge Lisa Porter**, is a Circuit Judge in the Twentieth Judicial Circuit, presiding over Plaintiff's felony case, sued in her official capacity. Judge Porter is married to **Chief Judge Frank Porter**, who oversees judicial administration within the same circuit, creating a significant appearance of conflict.

6. Defendant, **Judge John Burns**, is a County Judge in the Twentieth Judicial Circuit, presiding over Plaintiff's misdemeanor cases, sued in his official capacity.

7. Defendant, **State of Florida (Twentieth Judicial Circuit Court)**, is a public entity subject to Title II of the ADA.

## III. FACTUAL ALLEGATIONS

8. Plaintiff is a defendant in three related state criminal cases: **State v. Kusaj, Case Nos. 22-811F (felony, Judge Lisa Porter), 22-564M (misdemeanor, Judge John Burns), and 22-991M (misdemeanor, Judge John Burns)**.

9. On September 10, 2025, Plaintiff filed a **Motion for Clarification and Motion to Continue Hearing** in Case No. 22-811F. A copy is attached as **Exhibit A**. That motion remains unresolved.

10. Despite the pending motion, Judge Lisa Porter has threatened incarceration for alleged "noncompliance" with competency training while a new competency evaluation is still pending.

11. On September 17, 2025, Judge Porter's Judicial Assistant, Lisa Harder, sent an email (attached as **Exhibit B**) stating she would not provide Plaintiff's September 10 motion to the judge but did forward it to the prosecutor. This created an **ex parte imbalance**, giving the State access to Plaintiff's filing while denying judicial review.

12. Plaintiff's TBI requires consistent, clear instructions as a reasonable ADA accommodation. Instead, Plaintiff has been given conflicting directives and threatened

with sanctions while motions remain pending.

13. Plaintiff was subjected to **intimidation and threats from the competency trainer**, who pressured him under threat of jail to continue training sessions, despite Plaintiff's pending request for a new evaluation. This contributed to Plaintiff's ongoing fear of retaliation and lack of due process.

14. In Plaintiff's misdemeanor cases, Judge Burns has threatened multiple times to **force Plaintiff to go to trial without an attorney**, and when Plaintiff attempted to speak to defend himself, Judge Burns **refused to allow him to speak**. These actions denied Plaintiff the fundamental right to counsel and the right to be heard in his own defense.

15. Plaintiff's counsel in the misdemeanors expressed fear of requesting Zoom access, stating "the judges just don't like" Plaintiff. Plaintiff has therefore prepared his own Zoom motions (attached as **Exhibit C**) as ADA accommodation requests.

16. Plaintiff previously retained attorney **Mike Powell** in these matters. Mr. Powell later withdrew, kept Plaintiff's money, and before his withdrawal caused a warrant to be issued for Plaintiff's arrest for missing a court date. Mr. Powell is now a sitting judge in the same Twentieth Judicial Circuit, further undermining Plaintiff's confidence that impartiality can be preserved within the circuit.

17. Judge Lisa Porter's marriage to **Chief Judge Frank Porter** intensifies the appearance of bias and lack of impartial oversight, as the Chief Judge is responsible for supervisory authority over judges within the circuit.

18. Plaintiff has been declared indigent in state proceedings and lacks resources to secure replacement counsel or pay repeated legal fees.

19. Plaintiff brings this action to prevent irreparable harm to his constitutional rights and to secure necessary ADA accommodations.

---

## IV. CLAIMS FOR RELIEF

**Count I – Due Process Violation (42 U.S.C. § 1983)**
20. By threatening incarceration while dispositive motions remain unresolved, permitting ex parte handling of filings, subjecting Plaintiff to intimidation from a competency trainer, threatening to force trial without counsel, and refusing to let Plaintiff defend himself, Defendants violated Plaintiff's rights under the Fourteenth Amendment.

**Count II – Americans with Disabilities Act (Title II)**
21. Defendants failed to provide reasonable accommodations for Plaintiff's TBI by refusing or

chilling requests for remote appearance, denying access to judicial review, fostering a courtroom culture of bias, and allowing intimidation that exacerbated Plaintiff's disability-related vulnerabilities.

## V. EMERGENCY REQUEST FOR TEMPORARY RESTRAINING ORDER

22. Plaintiff has a state court hearing scheduled on **September 30, 2025**, in Case No. 22-811F before Judge Lisa Porter, at which incarceration is threatened for alleged "noncompliance" while a competency evaluation remains pending.

23. Plaintiff also has ongoing proceedings in Case Nos. **22-564M and 22-991M** before Judge Burns, where he has been threatened with trial without counsel and denied the right to speak in his own defense.

24. Plaintiff will suffer irreparable harm without federal intervention. Liberty interests and the right to counsel cannot be restored once lost.

25. Plaintiff is likely to succeed on the merits, as the record shows:

- Motions filed and blocked from judicial review.

- Ex parte forwarding of filings to the prosecutor.

- ADA accommodation requests ignored or chilled.

- Intimidation by a state-ordered competency trainer.

- Judge Burns' threats to force trial without counsel and refusal to let Plaintiff defend himself.

- Structural conflicts of interest, including Judge Lisa Porter's marriage to Chief Judge Frank Porter and Plaintiff's former attorney Mike Powell now serving as a judge.

26. The balance of equities favors Plaintiff, as relief merely preserves the status quo and ensures access to justice.

27. The public interest is served by enforcing constitutional rights and ADA protections.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Declare that Defendants' actions violate Plaintiff's rights under the Fourteenth Amendment and Title II of the ADA;

b. Issue a **Temporary Restraining Order** prohibiting Defendants from incarcerating or sanctioning Plaintiff in Case No. 22-811F, or related cases, for alleged "noncompliance" until the September 10 motion is ruled on and the pending competency evaluation is completed;

c. Order Defendants to permit Plaintiff to **appear remotely via Zoom** for the September 30, 2025 hearing in Case No. 22-811F and in all related proceedings, including Case Nos. 22-564M and 22-991M, as a reasonable ADA accommodation;

d. Assign this matter to an **out-of-circuit judge** if federal abstention principles require state relief, given conflicts of interest within the Twentieth Judicial Circuit, including Judge Lisa Porter, Judge John Burns, Chief Judge Frank Porter, and former attorney-turned-judge Mike Powell;

e. Grant such other relief as this Court deems just and proper.

**Respectfully submitted,**

**George Kusaj**
121 Riverbend Drive
LaBelle, FL 33935
77dtaylor@gmail.com
Date: September 26, 2025

## Exhibits

- **Exhibit A** – Motion for Clarification and Continuance (Sept 10, 2025, filed in Case No. 22-811F).

- **Exhibit B** – Judicial Assistant email (Sept 17, 2025, refusing to provide filing to judge but forwarding to prosecutor).

- **Exhibit C** – Motion(s) to Appear by Zoom in misdemeanor cases (22-564M and 22-991M) and felony case (22-811f)

- **Exhibit D** – State indigency order.

- **Exhibit E** – Documentation or transcript excerpts of competency trainer intimidation can be provided..